IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RODNEY L. WARING, Personal Representative for the Estate of Raudnesia Jachirri Waring,<br><br>Plaintiff,<br><br>Vs.<br><br>JEREMY S. KRAFT, Individual and as Agent of City of North Charleston and North Charleston Police Department; JORDAN G. WILLIAMSON, Individually and as Agent of City of North Charleston and North Charleston Police Department; REGGIE BURGESS, Individually and as Agent of City of North Charleston and North Charleston Police Department; R. KEITH SUMMEY, Individually and as Agent of City of North Charleston and North Charleston Police Department;  CITY OF NORTH CHARLESTON and NORTH CHARLESTON POLICE DEPARTMENT,<br><br>Defendants. | Case No. 2:23-cv-5453-RMG<br><br>**ORDER AND OPINION** |

    This matter comes before the Court on a motion to dismiss filed by Defendant Jeremy S. Kraft. (Dkt. No. 31). Plaintiff has filed a response in opposition to this motion. (Dkt. No. 37). Defendant has filed a reply to the opposition. (Dkt. No. 38). For the reasons set forth below, the Court denies Defendant's motion to dismiss. (Dkt. No. 31).

    **I.**    **Background**

    On October 27, 2023, Plaintiff Waring filed a complaint claiming Defendant Kraft violated his duty of care and Plaintiff's constitutional rights when he sped through a red light and crashed into Plaintiff's car, killing her. (Dkt. No. 1). Plaintiff's causes of action against Defendant Kraft

1

include negligence, negligence per se, civil rights violations under 42 U.S.C § 1983, personal and property injury damages under S.C. Code Ann. § 15-5-90, wrongful death damages under S.C. Code Ann.§ 15-51-10, and attorney fees under 42 U.S.C. § 1988.

Specifically, Plaintiff alleges that on July 5, 2022, an individual called 911 to receive medical help for a mouth wound sustained by gunshot earlier that day. (Dkt. No. 1, p. 8). The person requested medical care, specifically EMS, and the dispatcher called EMS and assigned officers to the call. (Dkt. No. 1, p. 8). Defendant Williamson was assigned to respond to the call and Defendant Kraft was not, but nonetheless took the lead in response. (Dkt. No. 1, p. 8, 10). Defendant allegedly maneuvered his vehicle into oncoming traffic, failed to follow his fellow office in turning left on the intersection of Montague Avenue and Dorchester Road, and instead sped through the intersection at over double the speed limit, and struck Plaintiff's car, killing her. (Dkt. No. 1, p. 10-11). Both the South Carolina Highway Patrol (SCHP) and North Charleston Police Department (NCPD) investigated the crash and concluded the Plaintiff was not at fault and that the crash was caused by Defendant Kraft. (Dkt. No. 1, p. 13).

On December 6, 2023, Defendant filed an answer to the complaint asserting several defenses. (Dkt. No. 6). On August 19, 2024, Defendant filed a motion to dismiss alleging insufficient documentation in Plaintiff's complaint and asserting the defense of qualified immunity. (Dkt. No. 6).

    **II.**    **Legal Standard**

        **A.  Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability

of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

"A motion asserting any of these defenses must be made before pleading if responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, Defendant has filed a 12(b)(6) motion for failure to state a claim more than eight months after filing the answer to the complaint. (Dkt. No. 31). Fed. R. Civ. P. 12(h)(2) specifically outlines that 12(b)(b) motions must be raised in the pleading, a motion under 12(c), or at trial. Here, Defendant failed to assert the 12(b)(6) defense in the pleadings, in a motion under 12(c), or at trial. Defendant's motion to dismiss is untimely because he failed to raise it before the responsive pleading.

Further, if matters outside the pleadings are presented in a motion to dismiss, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). In Defendant's motion to dismiss, he included audio recordings of the 911 call (Dkt. No. 31-2), and audio recording of the dispatch (Dkt. No. 31-3), both of which were not included in the pleadings. Defendant argues that "extrinsic evidence may be considered part of a complaint when . . . the court deems the evidence integral to at least one claim in the pleading," (Dkt. No. 31) (citation omitted), and that evidence is integral when Plaintiff "has actual notice of the evidence and the complaint relies heavily upon its terms and effect in framing the pleading" (Dkt. No. 31) (citation omitted). While Plaintiff did have notice of the evidence, the complaint does not rely heavily upon the terms of the 911 call or the dispatcher's audio. That is because a well pled complaint needs only to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Plaintiff stated a claim to relief that was plausible on its face. (Dkt. No. 1). The audio files may prove useful when determining the merits of the case, but because Plaintiff's complaint is sufficient without them, they are not integral to the claims.

### IV.    Conclusion

In light of the foregoing, Defendant's motion to dismiss is **DENIED**. (Dkt. No. 31).

**AND IT IS SO ORDERED.**

                                                 s/ Richard M. Gergel
                                                Richard Mark Gergel
                                                United States District Judge

September 19, 2024
Charleston, South Carolina